UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CR-56-TAV-DCP |
| TIMOTHY JOHN DOLAN, | ) ) ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is before the Court on the recommendation by Dr. Marina Mukhin of the Federal Medical Center at Butner, North Carolina ("FMC Butner"), for Defendant Timothy Dolan's continued commitment for competency restoration and mental health treatment. By way of background, the Court observes that on May 12, 2021, the Court ordered [Doc. 16] that Defendant be committed for a mental evaluation of his competency to stand trial and his sanity at the time of the alleged offense. Defendant received a mental evaluation of his competency to stand trial by Dr. Lesli Johnson, a forensic psychologist at the Federal Medical Center in Fort Worth, Texas. On September 15, 2021, the undersigned held a competency hearing, found Defendant Dolan to be incompetent, and committed Defendant for four months of treatment and assessment of his capacity to attain competency [Doc. 20].

On July 1, 2022, the Court received a copy of the June 22, 2022 Forensic Evaluation by Dr. Mukhin, forensic psychologist at FMC Butner. Dr. Mukhin opines that the Defendant

1

remains incompetent to proceed due to a mental disorder that renders him not able to meaningfully participate in legal proceedings, evaluate the evidence, or otherwise participate in his defense. The Forensic Report reflects that Defendant began a course of psychotropic medication in late April 2022 and beginning in mid-June, began to experience improved mental health. Dr. Mukhin states that with continued medication compliance and restoration services, a substantial probability exists that Defendant's competency can be restored. Dr. Mukhin recommends that Defendant Dolan be committed to FMC Butner for an additional four months of treatment pursuant to 18 U.S.C. § 4241(d).

Assistant United States Attorney Casey T. Arrowood and Assistant Federal Defender Benjamin G. Sharp appeared before the undersigned on July 7, 2022, for a status conference. Defendant, who remains at FMC Butner, was excused from the hearing. Both counsel confirmed that they have received a copy of Dr. Mukhin's Forensic Report. Both counsel also stated that they have no objection to the Court permitting an additional four months of treatment for Defendant.

Following an initial four-month period of mental health treatment to restore competency, a court may order that a defendant be detained at the facility for an additional reasonable time period until the earlier of the following:

> (A) his mental condition is so improved that the trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

18 U.S.C. § 4241(d)(2). Based upon the information from and recommendations of Dr. Mukhin contained in the Forensic Report and the agreement of counsel for both parties, the Court finds that an additional four months of treatment is reasonable to determine whether the Defendant's mental health will improve when the anti-psychotic medication reaches therapeutic levels. The request to continue treatment of the Defendant for one hundred twenty (120) days is **GRANTED**. The facility shall not automatically transport the Defendant back to this district until such time that the evaluator determines that the Defendant's competency has been restored. The treating psychologist or psychiatrist is **ORDERED** to provide the Court with a report regarding the Defendant's condition and progress at the end of this 120-day period. *See* 18 U.S.C. § 4247(e)(1)(A). Additionally, the Court observes that the evaluation of Defendant's sanity at the time of the offense, pursuant to § 4242, has yet to be performed, due to Defendant's need for treatment and competency restoration. The treating psychologist or psychiatrist is **ORDERED** to complete the sanity evaluation as soon as feasible and appropriate.

If at any time during the Defendant's commitment to the facility, the director of the facility determines that the Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the Defendant's competency to proceed. 18 U.S.C. § 4241(e). Because of Defendant's incompetency and the presence of so many unknown variables as to his potential treatment, the Court scheduled a status conference in this case for **November 8, 2022, at 10:30 a.m.** If the Court has a report from the treating facility, the status conference will also be a competency hearing.

Accordingly, the Court **ORDERS** as follows:

(1) FMC Butner's request for a 120-day extension of the treatment and restoration period is **GRANTED**;

(2) Defendant Dolan is **COMMITTED** to the custody of the Attorney General for evaluation and treatment at FMC Butner for an additional **four months** as set out more fully above. The facility shall not automatically transport the Defendant back to this district until such time that the evaluator determines that the Defendant's competency has been restored;

(3) During this additional period of commitment, Defendant Dolan shall receive an evaluation of his sanity at the time of the alleged offense, pursuant to 18 U.S.C. § 4242 and this Court's Commitment Order of May 13, 2021 [Doc. 16], if feasible;

(4) Upon the issuance of a certificate by the director of the treating facility that Defendant's competency has been restored and the completion of the evaluation of Defendant's sanity at the time of the offense, Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal for transport back to the district;

(5) At the conclusion of the additional evaluation and treatment period, the treating psychologist or psychiatrist is **ORDERED** to provide the Court and counsel a forensic report on the Defendant's condition and progress to include whether his competency has been restored;

(6) The parties are to appear before the undersigned for a competency hearing and/or status conference on **November 8, 2022, at 10:30 a.m.**;

(7) The United States Marshal **SHALL NOTIFY** the Clerk of Court and Chambers promptly when Defendant returns to the district from the mental evaluation and treatment. If Defendant has returned in time, the marshals shall bring him to the November 8, 2022 hearing; and

(8) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and on Dr. Marina Mukhin of FMC Butner, and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

5